O

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   EUGENIA IRENE HOSKINS,              )    NO. EDCV 12-01299-MAN
                                         )
12              Plaintiff,               )
                                         )
13        v.                             )    MEMORANDUM OPINION
                                         )
14   CAROLYN W. COLVIN,[1]               )    AND ORDER
     Acting Commissioner of Social       )
15   Security,                           )
                                         )
16              Defendant.               )
     _____)

17

18        Plaintiff filed a Complaint on August 8, 2012, seeking review of the denial of plaintiff's

19   application for a period of disability, disability insurance benefits ("DIB"), and supplemental

20   security income ("SSI").  On September 21, 2012, the parties consented, pursuant to 28 U.S.C.

21   § 636(c), to proceed before the undersigned United States Magistrate Judge.  The parties filed

22   a Joint Stipulation on June 7, 2013, in which:   plaintiff seeks an order reversing the

23   Commissioner's decision and remanding for further proceedings; and the Commissioner requests

24   that her decision be affirmed.

25   ///

26   _____

27        [1]    Carolyn W. Colvin became the Acting Commissioner of the Social Security
     Administration on February 14, 2013, and is substituted in place of former Commissioner Michael
28   J. Astrue as the defendant in this action.  (*See* Fed. R. Civ. P. 25(d).)

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for a period of disability and DIB on September 30, 2008, and an application for SSI on October 16, 2008.  (Administrative Record ("A.R.") 18.)  Plaintiff, who was born on October 24, 1966 (A.R. 27),[2] claims to have been disabled since August 8, 2008, due to mental health problems, including bipolar disorder, depression, anxiety, paranoia, and post-traumatic stress disorder (A.R. 61, 69, 128).  Plaintiff has past relevant work experience as a restaurant hostess, retail cashier, manager of equipment, rental clerk, and fast food worker.  (A.R. 27.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff requested a hearing.  (A.R. 18.)  On August 20, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Tamara Turner-Jones (the "ALJ").  (*Id.*)  Vocational expert Corinne J. Porter also testified.  (*Id.*)  On February 5, 2011, the ALJ denied plaintiff's claim (A.R. 18-29), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 5-9).  That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

In her February 5, 2011 decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and plaintiff has not engaged in substantial gainful activity since August 8, 2008, the alleged onset date of her disability.  (A.R. 20.)  The ALJ determined that plaintiff has the severe impairments of bipolar disorder, depression, anxiety, post-traumatic stress disorder, paranoia, and polysubstance abuse, in reported remission, but she does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

---

[2]     On the alleged disability onset date, plaintiff was 41 years old, which is defined as a younger individual.  (A.R. 27; citing 20 C.F.R. §§ 404.1563, 416.963.)

404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).  (A.R. 20-21.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "a full range of work at all extertional levels but with the following nonexertional limitations:  [plaintiff] is limited to simple, routine, repetitive work, and work that does not involve co-workers or the general public standing directly in front of, or behind her, while working."  (A.R. 21-22.)

The ALJ found that plaintiff was unable to perform her past relevant work.  (A.R. 27.) However, based upon the ALJ's RFC assessment for plaintiff and after having considered plaintiff's age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of:  "hand packager, with 5,000 jobs in the regional economy and 100,000 jobs in the national economy ([Dictionary of Occupational Titles (DOT)] 920.687-018)"; "linen room attendant, with 2,000 jobs in the regional economy and 30,000 jobs in the national economy (DOT 222.687-030)"; and "mail clerk, with 2,000 jobs in the regional economy and 40,000 jobs in the national economy (DOT 209.687-026)."  (A.R. 28.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from August 8, 2008, the alleged onset date, through February 5, 2011, the date of the ALJ's decision. (A.R. 28-29.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence

---

[3]     The ALJ found that plaintiff has a limited education and is able to communicate in English.  (A.R. 27.)

1  as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

2  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett

3  v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute

4  substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v.

5  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

6

7       Although this Court cannot substitute its discretion for that of the Commissioner, the Court

8  nonetheless must review the record as a whole, "weighing both the evidence that supports and

9  the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health

10 and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995

11 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

12 testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

13

14      The Court will uphold the Commissioner's decision when the evidence is susceptible to more

15 than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However,

16 the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the

17 ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d

18 at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error,

19 which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

20 ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

21 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d

22 at 679.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**DISCUSSION**

**I.      The ALJ's Decision At Step Five Is Not Supported By Substantial Evidence.**

Plaintiff claims the ALJ committed two errors at step five of the sequential evaluation process.  First, plaintiff claims the ALJ erred in finding that plaintiff could perform the jobs of linen room attendant and mail clerk, because, according to the DOT, such jobs would require plaintiff to function at reasoning level three -- a reasoning level which plaintiff contends is inconsistent with the ALJ's RFC assessment limiting plaintiff to simple routine repetitive tasks.  Second, plaintiff contends that the ALJ erred in relying on the vocational expert's testimony regarding the number of jobs available in the regional and national economy, because new and material evidence submitted to the Appeals Council undermines her testimony.

At step five of the sequential evaluation, the burden shifts from the claimant to the ALJ to prove that, based on the claimant's RFC, age, education, and past work experience, the claimant is able to perform work that exists in significant numbers in the national economy.  Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 404.1564, 416.920(a)(4)(v), 416.960(c), 416.964.  The ALJ can meet her burden at step five by either taking the testimony of a vocational expert or by referring to the Grids.  *See* Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006); *see also* Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999)(describing how the vocational expert's testimony and the Grids are used at step five).  When the services of a vocational expert are used, an ALJ may call upon the vocational expert to testify as to: "(1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy."  *Id.* at 1101.  In so doing, an ALJ "poses hypothetical questions to the vocational expert that set out all of the claimant's impairments for the vocational expert's consideration."  *Id.* (citation and internal quotation marks omitted).  When the hypothetical posed to the vocational expert is "accurate, detailed, and supported by the

1 medical record," the ALJ may properly rely on the vocational expert's response. *Id.* A vocational

2 expert's recognized expertise provides the necessary foundation for his or her testimony. Bayliss

3 v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).   No additional foundation is required. *Id.*

4

5        The ALJ has an affirmative responsibility to ask whether a conflict exists between the

6 testimony of a vocational expert and the DOT.   SSR 00-4p, 2000 WL 1898704, at *4; Massachi v.

7 Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).   If there is a conflict between the DOT and testimony

8 from the vocational expert, an ALJ may accept testimony from a vocational expert that contradicts

9 the DOT, but "the record must contain 'persuasive evidence to support the deviation.'"  Pinto v.

10 Massanari, 249 F.3d 840, 846 (9th Cir. 2001)(quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th

11 Cir. 1995)). The ALJ must resolve any conflict by determining whether the vocational expert's

12 explanation is reasonable and provides sufficient support to justify deviating from the DOT.   SSR

13 00-4p, 2000 WL 1898704, at *4; Massachi, 486 F.3d at 1153.   An ALJ's failure to do so, however,

14 can be harmless error when there is no conflict or the vocational expert provides a basis for relying

15 on his or her testimony rather than on the DOT.  *Id.* at 1154 n.19.

16

17        At the administrative hearing, the ALJ solicited the testimony of vocational expert Corrine

18 J. Porter.  Plaintiff's counsel did not have any objections to Ms. Porter serving as the vocational

19 expert.  (A.R. 54.)  The ALJ asked the vocational expert whether a hypothetical individual with

20 plaintiff's physical and mental limitations could perform work in the national economy.  (A.R. 55-

21 56.)  The vocational expert testified that such person could not perform plaintiff's past relevant

22 work but could perform the jobs of "hand packager," DOT 920.687-018, "[l]inen-room attendant,"

23 DOT 222.687-030, and "mail clerk," DOT 209.687-026.   (A.R. 56-57.)   The vocational expert

24 testified that approximately 5,000 hand packager jobs existed regionally and 100,000 existed

25 nationally, 2,000 linen-room attendant existed regionally and 30,000 jobs existed nationally, and

26 2,000 mail clerk jobs existed regionally and 40,000 existed nationally.  (*Id.*)  Plaintiff's counsel

27 cross-examined the vocational expert but did not question her regarding the number of available

28 jobs or her basis for making that determination.

1        Based on the vocational expert's testimony at the August 20, 2010 administrative hearing,

2   the ALJ determined that plaintiff could not perform her past relevant work, but she could perform

3   the jobs of linen room attendant, mail clerk, and hand packager.  The ALJ never asked the

4   vocational expert whether her testimony was consistent with the DOT.

5

6        Following the ALJ's decision finding plaintiff to be not disabled, plaintiff retained new

7   counsel and asked the Appeals Council to review the ALJ's decision.  (A.R. 13-14.)  The Appeals

8   Council reviewed the information submitted by plaintiff in support of her request for review;

9   however, the Appeals Council found that it did not provide a basis for changing the ALJ's decision

10  and denied plaintiff's request for review.  (A.R. 5-7.)

11

12                          A.  First Claim of Error

13

14       Plaintiff claims that there is an inconsistency between the ALJ's RFC assessment, which

15  limits plaintiff to "simple, routine, repetitive work," and the ALJ's finding that plaintiff can perform

16  the level three reasoning jobs of linen room attendant and mail clerk.  In view of this

17  inconsistency, plaintiff claims that the ALJ's determination that plaintiff could perform "other work"

18  is not supported by substantial evidence.

19

20       As relevant here, there is a split among the circuit courts on whether a limitation to simple,

21  routine, and/or repetitive tasks is compatible with the performance of jobs with a level three

22  reasoning as defined in the DOT.  Adams v. Astrue, 2011 WL 1833015 (N.D. Cal. May 13,

23  2011)(comparing Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(a surveillance systems

24  monitor job with a DOT reasoning level of three was not suitable for a claimant whose RFC limited

25  her to "simple and routine work tasks") with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009)(a

26  claimant limited to "simple" work could perform the job of surveillance systems monitor, which had

27  a reasoning level of three) and Renfrow v. Astrue, 496 F.3d 918, 920-21 (8th Cir. 2007)(a claimant

28  with an inability to do "complex technical work" was not precluded from jobs with a reasoning level

1    of three)).  Although the Ninth Circuit has yet to address this question, a number of courts in this

2    Circuit have found that a limitation to simple routine repetitive tasks in inconsistent with a

3    reasoning level of three.[4]

4

5         Accordingly, in view of the above authority, the Court concludes that a potential conflict

6    exists between the ALJ's determination that plaintiff can perform simple routine repetitive tasks

7    and her finding that plaintiff can perform the jobs of linen room attendant and mail clerk, which,

8    according to the DOT, require level three reasoning -- a conflict which the vocational expert neither

9    identified nor explained.  As such, the Court cannot find that substantial evidence supports the

10   ALJ's determination that plaintiff can perform the jobs of linen room attendant and mail clerk.

11

12                              B.   Second Claim of Error

13

14        Plaintiff also contends that, in view of new and material evidence submitted to the Appeals

15   _____

16        [4]      As noted by the court in Torrez v. Astrue, 2010 WL 2555847 (E.D. Cal. June 21,
     2010):

17
          Several district court cases in this circuit question whether a claimant limited to
18        simple, repetitive tasks, is capable of performing jobs requiring level three
          reasoning under the DOT.  In McGensy v. Astrue, 2010 WL 1875810 (C.D. Cal. May
19        11, 2010), the Court noted that while case law has held that "a limitation to 'simple,
          repetitive tasks' is consistent with level two reasoning," this restriction is
20        "inconsistent" with the requirements for level three reasoning, in particular the job
          of *mail clerk*.  *Id.* at *3 (citing Pak v. Astrue, 2009 WL 2151361 at *7 (C.D. Cal. July
21        14, 2009)("The Court finds that the DOT's Reasoning Level three requirement
          conflicts with the ALJ's prescribed limitation that Plaintiff could perform only simple,
22        repetitive work"); Tudino v. Barnhart, 2008 WL 4161443 at *11 (S.D. Cal. Sept. 5,
          2008)("[l]evel-two reasoning appears to be the breaking point for those individuals
23        limited to performing only simple repetitive tasks"; remand to ALJ to "address the
          conflict between Plaintiff's limitation to 'simple, repetitive tasks' and the level-three
24        reasoning"); Squier v. Astrue, 2008 WL 2537129 at *5 (C.D. Cal. June 24,
          2008)(reasoning level three is "inconsistent with a limitation to simple repetitive
25        work")).  In addition, in Bagshaw v. Astrue, 2010 WL 256544 at *5 (C.D. Cal.
          January 20, 2010), the court expressly cited Hackett [v. Barnhart, 395 F.3d 1168,
26        1176 (10th Cir. 2005)] in concluding that a *mail clerk* job, which requires level three
          reasoning under the DOT, was "inconsistent with [plaintiff's] intellectual functional
27        capacity limitation to simple, routine work."

28   2010 WL 2555847, at *8-*9 (finding that the "DOT precludes a person restricted to simple,
     repetitive tasks, from performing work . . . that requires level three reasoning).

1    Council, the ALJ erred in relying on the vocational expert's testimony that there was a significant

2    number of jobs in the economy which plaintiff could perform.  Specifically, plaintiff claims that data

3    from the Bureau of Labor Statistics and Job Browser Pro, particularly the job data for the position

4    of "bagger," undermines the vocational expert testimony, making it not "believable."  (Joint Stip.

5    at 18.)  Accordingly, plaintiff states that "[t]he Court should vacate the ALJ['s] finding at step 5

6    of the sequential evaluation process and remand for further proceedings."   (Joint Stip. at 19.)

7

8          The Court cannot reach the merits of plaintiff's argument, however, because:  (1) as

9    discussed *supra*,  the first two occupations identified by the vocational expert -- *to wit*, linen room

10   attendant and mail clerk -- are inconsistent with plaintiff's RFC; and (2) there is uncertainty

11   surrounding the third occupation that the vocational expert, and ultimately the ALJ, found plaintiff

12   capable of performing.  Specifically, at the administrative hearing, the vocational expert testified

13   that plaintiff could perform the job of "hand packager" but cited the DOT job number that

14   corresponds with the job of "bagger," not "hand packager." (A.R. 56.)  Relying on the vocational

15   expert's testimony, the ALJ adopted this same, inconsistent finding.   (A.R. 28.)   While the

16   Commissioner contends that the DOT number, as opposed to the job title, identified by the

17   vocational expert reflects a typographical error, the parties apparently dispute this (*compare* Joint

18   Stip. at 15, 18-19 (plaintiff identifies third occupation as "bagger") *with* Joint Stip. at 8

19   (Commissioner identifies third occupation as "hand packager" and notes typographical error), and

20   the Court cannot evaluate the merits of plaintiff's argument without further clarification.[5]

21   _____

22        [5]      If, in fact, the Commissioner is correct, and the cited DOT number is a typographical
     error, it would appear that the ALJ's step five determination would be supported by substantial
23   evidence.

24        As an initial matter, and with respect to the first claim of error, the level two
     reasoning job of hand packager does not appear to be inconsistent with the ALJ's RFC
25   assessment, which limits plaintiff to "simple, routine, repetitive work."  *See, e.g.*, Salazar v.
     Astrue, 2008 WL 4370056, *7 (C.D. Cal. Sept. 23, 2008)(noting that "[n]umerous courts in this
26   District and elsewhere have rejected the argument . . . that a limitation to simple, repetitive tasks
     is inconsistent with Level 2 reasoning ability").

27        With respect to the second claim of error, the ALJ would be entitled to rely on the
     vocational expert's testimony regarding the number of jobs in the economy for the following
28   reasons.  *See* 20 C.F.R. §§ 404.1566(e),416.966(e)(authorizing the ALJ to rely on the testimony

1                                      * * * * *

2

3           Accordingly, for the aforementioned reasons, the Court cannot find that the ALJ's decision

4    at step five is supported by substantial evidence.

5

6    **II.    Remand Is Required.**

7

8           The decision whether to remand for further proceedings or order an immediate award of

9    benefits is within the district court's discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir.

10   2000).  Where no useful purpose would be served by further administrative proceedings, or where

11   the record has been fully developed, it is appropriate to exercise this discretion to direct an

12   immediate award of benefits.   *Id.* at 1179 ("[T]he decision of whether to remand for further

13   _____

14   of the vocational expert to determine occupational issues).  First, the "[vocational expert]'s
     recognized expertise provides the necessary foundation for his or her testimony," and thus, "no
15   additional foundation is required."  Bayliss, 427 F.3d at 1218 .  Second, plaintiff's lay assessment
     of the raw vocational data submitted to the Appeals Council would not undermine the reliability
16   of the vocational expert's opinion, because the data presented by plaintiff was unaccompanied
     by any analysis or explanation from a vocational expert or other expert source to put the raw data
17   into context.  In fact, Job Browser Pro is not included in the list of published sources recognized
     as authoritative by the Social Security regulations.  *See* 20 C.F.R. §§ 404.1566(d), 416.966(d).
18    Third, while plaintiff identifies several decisions in which courts have acknowledged that a
     vocational expert's testimony that relies on Job Browser Pro data can constitute substantial
19   evidence, none hold that a vocational expert must rely on it or that this source controls when it
     conflicts with the vocational expert's testimony.  To the contrary, those decisions actually suggest
20   that the vocational expert should rely on his or her professional expertise rather than adopting
     wholesale the data from any one source.  Fourth, assuming *arguendo* that the data submitted to
21   the Appeals Council constitutes substantial evidence, the data, at best, would support an
     alternative finding regarding the number of job available for plaintiff in the economy.  The Ninth
22   Circuit has held that "[w]here the evidence is susceptible to more than one rational interpretation,
     one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v.
23   Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  Lastly, and significantly, plaintiff's counsel utterly
     failed to challenge the vocational expert's job numbers, inquire about the methodology used to
24   derive those numbers, or present competent evidence regarding other jobs data at the
     administrative hearing.  Rather, plaintiff waited until *after* the ALJ's adverse decision to submit
25   alternative jobs data to the Appeals Council.  "Counsel are not supposed to be potted plants at
     administrative hearings.  They have an obligation to take an active role and to raise issues that
26   may impact the ALJ's decision while the hearing is proceeding so that they can be addressed."
     Solorazo v. Astrue, 2012 U.S. Dist. LEXIS 4059, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10,
27   2012)(rejecting plaintiff's contention that "apparent conflicts" existed between the vocational
     expert's testimony and the Dictionary of Occupational Titles when plaintiff's counsel failed to
28   question the vocational expert at the hearing about any alleged conflicts or request the ALJ do
     so).

                                            10

1   proceedings turns upon the likely utility of such proceedings.").   However, where there are
2   outstanding issues that must be resolved before a determination of disability can be made, and
3   it is not clear from the record that the ALJ would be required to find the claimant disabled if all the
4   evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

5

6     Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-
7   mentioned deficiencies and errors.

8

9                **CONCLUSION**

10

11     Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the
12   Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with
13   this Memorandum Opinion and Order.

14

15     IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum
16   Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

17

18     **LET JUDGMENT BE ENTERED ACCORDINGLY**.

19

20   DATED:  December 27, 2013

21   _____

22         MARGARET A. NAGLE
     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

11